**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JUSTIN JACKSON,

      Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent-Appellee.

No. 07-5099
(D.C. No. 05-CR-58-CVE)
(D.C. No. 06-CV-647-CVE-FHM)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Justin Jackson, proceeding pro se, seeks a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c)(1) to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). Reviewing Mr. Jackson's filings liberally,[1] we hold that no reasonable jurist could

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Because Mr. Jackson is proceeding pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v.*

(continued...)

conclude that the district court's denial was incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, we **DENY** Mr. Jackson's application for a COA and **DISMISS** his appeal.

## I. BACKGROUND

Mr. Jackson pleaded guilty, pursuant to a plea agreement, to possession of methamphetamine with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. The charges against Mr. Jackson arise from a February 2005 surveillance operation concerning drug trafficking in Tulsa, Oklahoma. During this surveillance operation, officers from the Tulsa Police Department ("TPD") and agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives watched the home of Steven Stewart and the Comfort Suites, where Mr. Jackson had rented a room.

After observing short-term traffic throughout the day at the Stewart residence, which consisted of multiple vehicles parking outside while the occupants briefly went inside the residence, the investigators prepared to execute a search warrant. This plan was put on hold, however, when they observed a car – a Toyota Camry – occupied by two males leaving the Stewart residence. Earlier in the day, investigators had observed the target of their investigation, Trinidad

[1](...continued)
*U. S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

Rodela, in the same vehicle. Believing Mr. Rodela was in the Camry with a large quantity of crystal methamphetamine, the investigators started surveillance of it.

A TPD patrol unit stopped the vehicle at the request of the surveillance team. During this stop, the occupants of the Camry were removed and secured for the investigators' safety. The investigators then asked the occupants for identification. When Mr. Jackson, who was one of the occupants of the vehicle, was asked what his name was, he replied, "The stuff is right here in my pocket." R., Vol. I, Doc. 94, Ex. 3 at 3. When an agent asked what "stuff" he was referring to, Mr. Jackson responded, "The stuff you're looking for." *Id.*

The agent observed a baggie protruding from Mr. Jackson's pocket. Upon closer examination, the agent noted that the baggie contained a white powdery substance. Believing the substance to be methamphetamine, the agent removed the baggie from Mr. Jackson's pocket and patted him down for the agent's safety. In addition to the suspected methamphetamine, the agent found a firearm on Mr. Jackson's person.

Mr. Jackson was indicted for allegedly possessing methamphetamine with intent to distribute and allegedly possessing a firearm in connection with the drug trafficking offense. He entered into a plea agreement. As part of his plea agreement, Mr. Jackson waived his appellate and post-conviction rights. He specifically waived his right to appeal his conviction and sentence pursuant to 28 U.S.C. § 1291, with the exception of any contested sentencing issues regarding

drug quantities or his role in the offense.  Mr. Jackson also waived his right to collaterally attack his conviction and sentence, except for claims based on ineffective assistance of counsel that challenge the validity of the guilty plea or his waiver of his appellate and post-conviction rights.

After granting a five-level downward departure, the court sentenced Mr. Jackson at the bottom of the advisory sentencing range of the United States Sentencing Guidelines.  He was sentenced to thirty-seven months for the methamphetamine possession count and sixty months for the possession of a firearm count, the terms to run consecutively, for a total sentence of ninety-seven months of imprisonment.  He also was sentenced to five years of supervised release.

Mr. Jackson filed a motion with the district court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Mr. Jackson made four claims in his motion: (1) he received ineffective assistance of counsel because his attorney offered him unreasonable advice concerning the viability of a motion to suppress evidence obtained in the allegedly unlawful investigatory stop and did not in fact file such a motion to suppress; (2) he received ineffective assistance of counsel because his attorney provided him with a different version of the plea agreement for review than the agreement that he signed; (3) his Fourth Amendment rights were violated because the police did not have probable cause for his traffic stop; and (4) his Sixth Amendment rights were violated pursuant to *Blakely v.*

*Washington*, 542 U.S. 296 (2004), because the "relevant conduct" was not submitted to a jury.

The district court denied Mr. Jackson's motion. He then filed this appeal, raising only his first ineffective assistance of counsel claim and his Fourth Amendment claim.

## II. DISCUSSION

Regarding Mr. Jackson's ineffective assistance of counsel claim, the district court correctly applied *Strickland v. Washington*, 466 U.S. 668 (1984), and concluded that Mr. Jackson did not establish ineffective assistance of counsel.[2] The record supports the conclusion that the investigators had

---

[2] Although "find[ing] the [waiver] analysis somewhat more complicated" as to this ineffective assistance of counsel claim than Mr. Jackson's other claims, the district court determined that it did not fall within the scope of his waiver of collateral-attack rights. R., Vol. I, Doc. 108, at 8, 10. Mr. Jackson argued that his attorney had advised him that he was "unable to file [a] motion to suppress evidence seized in [the] arrest," and, but for receiving this advice that was "neither true nor reasonable," Mr. Jackson would not have pleaded guilty without the suppression of some evidence. *Id.*, Doc. 107, at 2. In seeking COA, Mr. Jackson makes a similar argument: "By following [i]neffective assistance from my counsel I entered into a plea agreement with the government pleading guilty to evidence that was seized as the result of an illegal arrest." COA Application at 2. Given that Mr. Jackson's ineffective assistance of counsel claim directly ties his attorney's conduct in failing to file a motion to suppress to the advice the attorney provided him in connection with his decision to plead guilty, we are comfortable operating on the view that Mr. Jackson's ineffective assistance of counsel claim is not barred by his collateral-attack waiver. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (holding that plea agreement waivers of collateral-attack rights do not bar § 2255 motions alleging ineffective assistance related to counsel's representation in the negotiation or entry of the waiver or the plea).

reasonable suspicion that criminal activity was afoot when they stopped the vehicle Mr. Jackson was in, and that there was probable cause to arrest Mr. Jackson following the stop, based on his unsolicited incriminating statements, and the drugs and firearm found on his person. Thus, the failure of Mr. Jackson's counsel to file a motion to suppress and his related pre-plea advice do not fall below an objective standard of reasonableness and do not constitute deficient performance. *See Hill v. Lockhart*, 474 U.S. 52, 56-58 (1985). *Accord United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions.").

Regarding Mr. Jackson's Fourth Amendment claim, the district court correctly applied *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004), in concluding that this claim falls within the scope of the collateral-attack waiver and that Mr. Jackson is bound by that waiver. As the district court noted, the record amply supports a finding that Mr. Jackson's guilty plea, which included his agreement to waive his collateral-attack rights, was knowingly and voluntarily entered.

Mr. Jackson also filed a motion for leave to proceed in forma pauperis on this appeal. Because he was granted permission to proceed in forma pauperis by the district court, his status continues on appeal. Accordingly, Mr. Jackson's in forma pauperis request is denied as moot.

For the reasons stated above, Mr. Jackson's request for a COA is **DENIED** and his appeal is **DISMISSED**.

Entered for the Court

Jerome A. Holmes
Circuit Judge